Judge Robertson
delivered the opinion of the Court.
Dailey having obtained a judgment against Gaines, in an action of assumpsit, the court on the motion of Gaines, made the following order, “28th July, 1827. The court being now sufficiently advised of the motion made for a new trial herein, it is ordered’that U be granteJ on the defendant's paying the costs °f the former trial herein, twenty days before the next term of this court''
Triplett, for plaintiff; Sanders, for defendant.
Before the next term, but within the 20 days; Dailey issued an execution on the judgment. Gaines moved the court to quash this execution, which the court refused to do. And for this refusal, Gaines has prosecuted this writ of error.
The order of the court, is extraordinary; and it is difficult to give to it, a satisfactory construction. If it be construed to be the grant of a new trial, on a condition subsequent, the execution might possibly have been quashed; but if it be understood to be an order for a new trial, on the precedent condition of payment of the costs, the execution issued properly.'
We are inclined to the opinion, that the court intended, that the judgment should be suspended until 20 days preceding the next term; and that then, if the Costs should be paid, there should be a new trial. The parties were notified, that there would be a new trial, on a certain contingency. But the court had not given a new trial. Such an order, should be regarded as a nullity, even if the defendant had complied with the Condition. Courts ought not to leave their judicial acts, to depend on an act en pais, or to be controlled by ministerial officers. When a motion is made for a new trial, only three things are left to the discretion of the court; that is, either to continue the motion, or to grant, or overrule it. The court cannot refer to the parties or to the clerk, a decision of the question, whether there shall be a new trial or not.
Dailey had a right therefore, as soon as the term expired, to issue his execution. But if the order of the court had been such as to deserve respect, there seems to have been no ground for the quashal of the execution. Because, as Gaines was to be entitled toa new trial, on the condition of paying the costs 20 days before the next term, he ought to have shewn such payment, before he could expect to be benefitted by the order. This he did not do. And no further notice is taken of the case, at any subsequent term.
Wherefore, the judgment of the circuit court, overruling the motion, to quash the execution,is affirmed.